IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH COUNTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 3:24-cv-02212-SMY |
| | ) |
| STEPHEN MCGLYNN, | ) |
| NANCY J. ROSENSTENGEL, | ) |
| | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Joseph Counts filed the instant lawsuit under 42 U.S.C. § 1983 challenging rulings in his criminal and habeas proceedings (Doc. 2). Plaintiff has filed two motions to proceed in forma pauperis ("IFP") (Docs. 3 and 5). Plaintiff's Complaint is also before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(a)-(b).

**Motions for IFP**

The Prisoner Litigation Reform Act ("PLRA") requires all prisoners to pay the full filing fee. *See* 28 U.S.C. § 1915(b)(1). If a prisoner cannot pay the full filing fee upfront, he may submit a sworn IFP application requesting to pay the fee over time. *See* 28 U.S.C. §§ 1915(a)(1)-(2). If an IFP application is granted after a review of the inmate's submissions, the Court will assess an

---

[1] Plaintiff is currently detained in county jail. Section 1915A applies to any person "incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or [a] diversionary program." 28 U.S.C. § 1915A(c).

initial partial filing fee based on his recent income and ongoing "monthly payments of 20 percent of the preceding month's income credited to [his] account." 28 U.S.C. §§ 1915(b)(1)-(2).

Plaintiff's motions for leave to proceed in forma pauperis (Docs. 3 and 5) are **GRANTED** based on the information provided. As Plaintiff did not provide the requisite six-month trust fund account history, an initial partial filing fee cannot be assessed. Accordingly, the agency having custody of Plaintiff is directed to remit the $350.00 filing fee from his prison trust fund account if such funds are available. If he does not have $350.00 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months, whichever amount is higher. Thereafter, the agency shall begin forwarding monthly payments of 20% of the preceding month's income credited to Plaintiff's trust fund account (including all deposits to the inmate account from any source) until the statutory fee of $350.00 is paid in its entirety. The agency having custody of Plaintiff shall forward payments from Plaintiff's account to the Clerk of Court each time the Plaintiff's account exceeds $10.00 until the $350.00 filing fee is paid. Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois. The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Trust Fund Officer at the Jefferson County Justice Center.

## The Complaint

Plaintiff's Complaint is subject to review under Section 1915A. 28 U.S.C. § 1915A(a)-(b). Plaintiff has named District Judge Stephen McGlynn and Chief District Judge Nancy Rosenstengel "in their capacity as U.S. federal judges" as defendants. He alleges that on June 10, 2024, and/or August 6, 2024, Judge McGlynn used "excessive force" in violation of due process by detaining Plaintiff, as Judge McGlynn did not use the "clear and convincing evidence" standard mandated by statute in Plaintiff's criminal proceedings, Case No. 21-cr-30068-SPM-1. He further alleges

that on September 4, 2024, Chief Judge Rosenstengel "used recessive [sic] force" in denying Plaintiff's petition for a writ of habeas corpus, also in violation of due process because Chief Judge Rosenstengel "did not use the statutory and/or caselaw authority to grant" Plaintiff's petition in Case No. 24-cv-01755-NJR.  Plaintiff requests that the Court "correct the behavior of the judges and fine each one $705.00 for their violation in an award to [Plaintiff] for damages."

### Discussion

Plaintiff seeks relief based on alleged errors by Judge McGlynn in Plaintiff's criminal proceedings and by Chief Judge Rosenstengel in Plaintiff's habeas proceedings. Because Plaintiff's claims rest entirely on disagreement with judicial decisions and actions in Plaintiff's criminal and habeas proceedings, the claims fall within the purview of absolute immunity for "judicial acts," and cannot be sustained.  See *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Forrester v. White*, 484 U.S. 219, 225–29, 108 S. Ct. 538, 98 L. Ed. 2d 555 (1988); *Bradley v. Fisher,* 80 U.S. 335, 347, 20 L. Ed. 646 (1871); *Killinger v. Johnson*, 389 F.3d 765, 770 (7th Cir. 2004) (absolute judicial immunity shields judicial actors from liability for civil damages arising out of the performance of their judicial functions); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001).  As such, Plaintiff has failed to state a viable claim in his Complaint.

The Court has considered whether Plaintiff may be able to amend his Complaint and continue with this case. *Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015).  But as Plaintiff's claims are legally frivolous, amendment would be futile. Accordingly, this case is **DISMISSED with prejudice**.  Because the Complaint fails to state a claim upon which relief may be granted, **the dismissal will count as a strike for purposes of 28 U.S.C. § 1915(g)**.  Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus any balance on the filing fee will remain due and payable. See 28 U.S.C. §

1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). The Clerk's Office is directed to **ENTER** judgment and **CLOSE** this case accordingly.

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

If Plaintiff chooses to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(b); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). A motion for leave to appeal IFP must set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the appeal is found to be nonmeritorious, Plaintiff may incur a strike under 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**Dated: 10/10/2024**

s/ *Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**
